IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DON HENRY NEWMAN,<br><br>Defendant. | Case No. CR07-0100<br><br>ORDER FOR PRETRIAL DETENTION |

On the 4th day of December 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Patrick Reinert. The Defendant appeared personally and was represented by Attorney Patrick Kelly.

## RELEVANT FACTS

On November 28, 2007, Defendant Don Henry Newman was charged by Indictment (docket number 1) with conspiracy to distribute crack cocaine, three counts of distribution of crack cocaine, and two counts of possession with intent to distribute crack cocaine. The Defendant entered a plea of not guilty to all counts and trial is scheduled before Chief Judge Linda R. Reade on February 4, 2008.

Cedar Rapids Police Officer Dale Moyle, who is currently assigned to the DEA Task Force, testified at the instant hearing regarding three controlled purchases of crack cocaine from Defendant Don Henry Newman. According to Moyle, authorities were contacted in May 2006 by a confidential informant ("CI"), who indicated that they could purchase crack cocaine from Newman. On May 12, 2006, authorities recorded a phone call between the CI and Newman to arrange the transaction. The CI subsequently went to Newman's apartment, located across from Coe College, and purchased .95 grams of

1

crack cocaine. A similar controlled buy of 1.49 grams of crack cocaine was made at Newman's apartment on May 16, 2006.

On June 3, 2006, authorities received confidential information that Newman was in possession of crack cocaine. When authorities located Newman, he was found "storing crack in his mouth." He was taken to the hospital and agreed to take medication which would "flush his system." Following a bowel movement, authorities found small rocks of crack cocaine measuring approximately .67 grams.

On September 27, 2006, authorities attempted to make a controlled purchase of crack cocaine from Newman's co-defendant, William Albert Robertson. Robertson apparently told the CI to go to Newman, however, and a controlled purchase of crack cocaine was made from Newman on that date. On October 12, 2006, a search was conducted of Newman's apartment and seventeen rocks of crack cocaine were found on Newman in his pants pocket. An additional rock of crack cocaine was found in a shoe in Newman's apartment.

According to the Pretrial Services Report, Newman is 32 years old and has never been employed. He currently receives Social Security Disability Benefits. Newman has never been married, but has two children, who live with their mother in Cedar Rapids. Newman has apparently received outpatient mental health treatment in Chicago for anxiety and depression.

The Pretrial Services Report identifies thirteen charges brought against Defendant in the Chicago area between 1993 and 2003, including possession of a controlled substance, criminal damage to property, criminal trespass, battery, harassment, and "manufacture/deliver" of cannabis. The disposition of most of those charges was unknown, however, at the time of hearing. Defendant was convicted of possession of a controlled substance and sentenced to two years in prison on July 15, 1998. In 2006, Defendant was convicted in Linn County, Iowa, on charges of interference with official acts and "disorderly house."

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by

the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute five grams or more of crack cocaine within 1,000 feet of a protected property, three counts of distribution of crack cocaine within 1,000 feet of a protected property, and two counts of possession with intent to distribute crack cocaine. Each of these charges establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant argues that he has limited financial resources and is unlikely to flee.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court

concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 30, 2007) to the filing of this Ruling (December 4, 2007) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 4th day of December, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA